**Gayle F. COURTNEY, Petitioner,**

v.

**J. C. PINION, Superintendent of the Statesville Prison Unit, and the State of North Carolina, Respondents.**

**No. C–C–75–308.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Oct. 5, 1976.

Shelley Blum, Blum & Sheely, Charlotte, N. C., for petitioner.

Richard N. League, Asst. Atty. Gen., Raleigh, N. C., for respondents.

## ORDER

McMILLAN, District Judge.

Gayle Franklin Courtney has petitioned for a writ of habeas corpus seeking relief from his manslaughter conviction in the Superior Court of Mecklenburg County.

His petition is based upon a claim that the delay of approximately ten and one-half months from his arrest to his trial violated his constitutional rights as well as his rights under N.C.G.S. § 15–10.2 to a speedy trial. Courtney has exhausted state remedies on this claim.

Prior to Courtney's state court trial there was a hearing on his motion for dismissal. The evidence taken at that hearing and state prison records in the record here show the following:

1. On September 26, 1973, Gayle Courtney, then an escapee from the North Carolina Prison Unit in Charlotte, was involved in a fatal accident in Charlotte. On October 25, 1973, he was arrested on charges of both escape and manslaughter. On November 2, 1973, he was returned to the State Prison Unit in Charlotte to continue serving his prior sentence.

2. Counsel was appointed for Courtney on October 30, 1973, and a preliminary hearing on the manslaughter charge was set for November 19, 1973.

3. At the prosecutor's request and without objection from Courtney's attorney, this hearing was continued until December 19, 1973.

4. On December 14, 1973, Courtney sent the prosecutor a letter which complied with the requirements of N.C.G.S. § 15–10.2, a statutory provision entitled "*Mandatory disposition of detainers—request for final disposition of charges . . .*" and requested a speedy trial on any charges then pending against him in Mecklenburg County.

5. The prosecutor on December 19, 1973, obtained a *nolle prosequi* with leave on the manslaughter charge.

6. No detainer was filed against Courtney on this charge.

7. On March 25, 1974, the Clerk of Court received a writ of mandamus from Courtney seeking an order directing the District Attorney to show cause why Courtney had not been brought to trial on the manslaughter charge.

8. On April 2, 1974, Judge Hasty informed petitioner that the Clerk had searched the files and had found the manslaughter charge which had been "disposed of" by the *nolle prosequi* with leave. Judge Hasty concluded that as there were no charges "presently existing" against Courtney, a show cause hearing was unnecessary.

9. On June 10, 1974, Courtney filed a "motion to dismiss and for summary judgment" in which he set out his previous efforts to have the charges litigated and requested that the manslaughter charge be dismissed for failure to grant him a speedy trial.

10. On July 8, 1974, the grand jury returned a manslaughter indictment against the petitioner.

11. Courtney's trial was held on September 9, 1974, ten months and fifteen days after his arrest, and he was convicted of involuntary manslaughter and sentenced to a term of from seven to ten years.

■ No detainer was ever filed against Courtney, so that there has been no violation of the provisions of N.C.G.S. § 15–10.2 which require that upon demand by the prisoner the district attorney must try within eight months any charge which has resulted in a detainer being filed against the prisoner.

The issue that remains is whether Courtney has been denied his right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution.

The Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971) established a four factor balancing test for determining if a person had been deprived of his right to a speedy trial.

■ The first factor the court must examine is the length of the delay. In Courtney's case the length of delay is measured from the time Courtney was first arrested on the manslaughter charge and not from the time of his indictment. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Ten months and fifteen days passed from the time of his arrest

to the time of his trial. This delay is not *per se* prejudicial, *Barker v. Wingo, supra; Ricon v. Garrison,* 517 F.2d 628 (4th Cir. 1975), but it is sufficient to act as a "triggering mechanism" requiring inquiry into the other factors mandated by *Barker, Ricon* at 633.

■ The second factor to consider is the reason for the delay. The state has asserted that the delay was caused in part by the absence of a necessary witness and in part by the loss for a period of from two to four months of the district attorney's file on the manslaughter charge. Testimony at the state trial *voir dire* on Courtney's speedy trial claim revealed that the witness Beroth, who was out of the state from January 1974 until two weeks before the trial, had told the district attorney that he would return if needed for the Courtney proceedings. Delay for the convenience of a witness rather than for the prosecutor's inability to produce him should not be weighed in the government's favor and is at best a "neutral reason" in the balancing procedure, *Barker,* 407 U.S. at 531, 92 S.Ct. 2182. Likewise, the lost file is, at least for the several months period involved in this case, a "neutral reason."

There is no evidence to indicate that the delay was an attempt by the government to hamper Courtney in his defense.

As to any delay attributed to Courtney, the record shows an agreement by Courtney's counsel to a one-month delay of the probable cause hearing. Also, counsel stated at trial that he did not press the matter in the spring because he "thought this thing was in the shadows and probably would not be disturbed." This comment indicates that, in spite of Courtney's timely repeated demands for a trial, the defendant and his counsel entertained some thought that the matter had best remain undisturbed.

The reasons for delay do not tip the balance for either side.

The third factor to be considered is whether Courtney timely asserted his right, and Courtney did so.

This brings us to the most important factor in the balancing test—prejudice to the defendant. A review of the trial transcript shows that three witnesses testified that on the night of September 26, 1973, they were driving on Central Avenue, a four-lane highway, and had to avoid an auto driving west in the eastbound lane nearest the curb. According to W. Beroth, he was slightly in front of another eastbound car; he swerved sharply to avoid the oncoming car; he heard a loud crash; he stopped and returned to the scene; he found Courtney under the steering wheel of the car he had swerved to avoid. A witness who worked for the ambulance service testified that while he was disrobing Courtney in preparation for medical treatment he found in Courtney's pocket a plastic bag containing a "green, leafy substance." An expert witness identified the substance as marijuana. Courtney did not testify at trial, but offered one witness. His witness testified that he examined Courtney on the night of September 26, 1973, and determined the extent of his injuries; that he saw a bag similar to the one introduced at trial removed from Courtney's pocket and that he detected "an odor of alcohol about the patient." On this record the ten and one-half months delay did not prejudice Courtney's defense.

Although Courtney remained in prison for the period between his arrest and trial, he was then and there serving a sentence for a prior conviction. No detainer was placed against Courtney as a result of the manslaughter charge and during that period he was promoted from "B" to "A" grade custody. Because of his imprisonment on a prior conviction, Courtney cannot claim that the pending manslaughter charge hampered him in finding or continuing employment.

This case then comes down to the question whether Courtney, already serving a prison sentence on an unrelated conviction, was unconstitutionally prejudiced by the passage of ten and a half months from arrest to trial. The court concludes that he was not.

IT IS THEREFORE ORDERED that the claims for relief be and they are hereby denied, and that the petition for a writ of habeas corpus be and it is hereby dismissed.

The petitioner is advised that he may appeal *in forma pauperis* from this *final order* by mailing a written notice of appeal to the Clerk of the United States District Court, Post Office Box 1266, Charlotte, North Carolina 28231. Said *written* notice of appeal must be *received* by the Clerk within thirty (30) days from the date of this final order. The court declines to issue a certificate of probable cause.

The Clerk is requested to mail copies of this order to the petitioner; to the Attorney General of North Carolina; to the director of the prison system of North Carolina; and to the superintendent or officer in charge of the institution at which the petitioner is presently confined.